Dugan
v̇.
Melogue.

DUGAN *v.* MELOGUE.

A constable, appointed by a justice of the peace to levy an execution on the goods of *A.*, levied the same on the goods of *B.* A trial of the right of property was claimed by *B.*, who gave bond, &c., but the constable refused to deliver the goods to *B. Held*, that, for this misconduct of the constable, the justice was liable to *B.* in an action on the case.

The jury in such case may, though the constable tender the property to the plaintiff before suit brought, give the value of the property as the amount of the damages.

*Wednesday,*
*June 5.*

APPEAL from the *Hendricks* Circuit Court.

SULLIVAN, J.—Case by *Melogue* against *Dugan.* The declaration contains three counts. The cause of action is substantially as follows : *Dugan*, who was an acting justice of the peace, rendered a judgment in favour of one *Burnett* against *Henry Burger*, and there being no constable in the township, appointed *Pemberton S. Dicken* a special constable, to whom he directed an execution commanding him to levy the amount of the above-named judgment of the goods and chattels of *Burger.* The appointment was made under the 55th section of the justices' act. *Dicken* levied the execution on a buggy and harness, amongst other things, the property of *Melogue.* The latter claimed the buggy and harness, and demanded a trial of the right of property according to the statute. At the time of filing his claim to the property, he also filed a bond with security, which was approved by the justice, conditioned that his claim should be well and truly prosecuted to effect, or in default thereof that the property should be delivered to the person entitled to receive it. The justice of the peace, with whom the bond was filed, immediately informed the constable of it, and *Melogue* demanded the property, but the constable refused to deliver it. Plea, not guilty ; verdict and judgment for the plaintiff.

This suit is founded on the 55th section of the act regulating the duties and jurisdiction of justices of the peace, R. S. 1838, p. 376, which provides that in all cases where it shall be necessary to have process served, and there shall be no constable in the township legally authorized to act in such case, it shall be lawful for any justice of such township to appoint a person willing to serve as constable until one shall

be legally appointed, &c., and the justice shall stand as security, and be also civilly liable for any neglect of duty, or any illegal proceedings, on the part of the constable so by him appointed.

Various exceptions were taken to the judgment of the Court in receiving and rejecting testimony, and to instructions given to the jury and refused to be given, but we discover no error in either for which the judgment ought to be reversed.

The points relied on for the reversal of the judgment by the counsel for the appellant are, that the action is misconceived, and that the damages are excessive.

It is not denied but that the constable was guilty of a trespass in seizing the property of *Melogue*, instead of the property of *Burger* the execution defendant. For that act the constable might be sued as a trespasser, and his refusal to deliver the property to *Melogue* on demand was a continuation of the trespass. But *Dugan* was not present aiding and assisting in the wrongful acts of the constable, nor were they done by his command. He, therefore, cannot be made liable for those acts in an action of trespass. Even in the case of master and servant, the master is not considered as a trespasser for an act of his servant which was not done at his command. He may however, in numerous cases, be made liable for the damage arising from the employment of negligent or unskilful servants, in an action on the case. We think there is no objection to the form of action adopted in this case. The statute, whatever may be the object intended to be gained by it, makes the justice responsible for any illegal proceeding on the part of the officer appointed by him. The appointment is his act, the breach of duty by the constable is the act of the latter, and for any damage sustained in consequence of such appointment, we think an action on the case is the appropriate remedy. *M'Manus* v. *Crickett*, 1 East, 106.—*Burnett* v. *Lynch*, 5 B. & C. 589, *per Littledale*, J.—*Morley* v. *Gaisford*, 2 H. Bl. 442.

As to the second point, we think the jury were justifiable in giving the value of the property as the amount of the damages. The plaintiff in error contends that as the constable tendered the property to *Melogue* before suit brought, the

May Term,
1844.

damages should have been only for the temporary depriva-
tion of it.   There are cases in which the Court will stay pro-
ceedings upon the restoration of the  property, and payment
to the plaintiff of  such damages as he may have sustained by
the temporary loss and deterioration of the property, and his
costs.   Admitting this to be such a case, and the property to
be such as a Court would  order  the restoration of, no appli-
cation was made to the Court for that purpose.   The defend-
ant should have followed up the tender made by *Dicken* with
such an application, and an  offer  to pay to the plaintiff  the
damages he had sustained and the costs he had incurred.
*Shotwell* v. *Wendover*, 1 Johns. R. 65.—2 Selw. N. P. 1417.
—*Pickering* v. *Truste*, 7 T. R. 49.

*Per Curiam.*—The  judgment is affirmed, with 5 *per cent.*
damages and costs.

*J. Morrison*, for the appellant.

*C. C. Nave*, for the appellee.